Thank you, Your Honor. Please, the Court. My name is Tim Ford. I represent Lorraine Netherton. How are you, Mr. Ford? Good. It's been a long time. It has, Your Honor. Thank you. I assume the Court's read our briefs, but there's something I want to emphasize that is mentioned there but should have been emphasized more. And that is that in the state of Washington, in a self-defense case like this case, the burden is on the prosecution to disprove self-defense beyond a reasonable doubt. That was the context in which the prejudice issue that the state court or the state judge ruled on should be and must be evaluated as to whether there's a reasonable probability that, but for these numerous errors of both trial counsel and of nondisclosure by the prosecution, there could have been a different result for Ms. Netherton with regard to her self-defense or with regard to the lesser-included offenses of manslaughter in the first degree and second degree that the jury did not reach. The jury, of course, did acquit Ms. Netherton or did not convict her of first-degree murder, which was the prosecution's charge against her that was supported by the prosecution's eyewitnesses, a couple of whom, or one of whom at least, testified to a completely unprovoked cold-blooded shooting. The jury obviously did not believe that, and there were many reasons why the jury would not believe that, and that is why the prosecution relied so heavily on the testimony of the investigative detectives regarding the crime scene and the analysis of the crime scene by the state crime lab officer, or gentleman, Mr. Evan Thompson. Before we get to that, don't we have to decide by what standard we judge this? Of course, with regard to each of the issues, I think that is necessary, Your Honor. And doesn't that turn on whether this was an adjudication on the merits by the… That is certainly the broadest issue. Well, I mean, it sort of colors everything else. It certainly does, except for the one issue with regard that's not certified, the issue with regard to the nondisclosure… Yes, Your Honor. I'm sorry. There are uncertified issues, but as to the certified issues, we can't really have a meaningful discussion without first exploring by which standard. Why wasn't the chief judge's dismissal of the claim as frivolous an adjudication on the merits? Because the Washington State court rules say that decisions on the merits are made by three judge panels of the Court of Appeals. And this is an unusual situation where a judge really, under the court rules, usurped a power that he didn't have to make that determination on the merits, or at least would be attributed to having usurped that. He said… What is the normal… You say usurped the power he didn't have. I mean, the chief judge has some power given to him under state law to… To determine whether it's frivolous, and if it's not frivolous, to send it to a panel for a determination of the merits. And he decides it's frivolous. Why isn't that doing exactly what the statute authorizes him to do? And I guess I misspoke with regard to who's usurping. I think that he has been attributed to a power that he did not have. Of course, he made a mistake because his ruling on frivolousness was actually reversed by the Washington Supreme Court. The Washington Supreme Court granted relief on a sentencing issue that was one of the ones he said was frivolous. So he was wrong, but I guess he had the power to say it was frivolous. But what he didn't have under Washington court rules is a power to decide the merits of the case. And that's what the rules say, and that's why this is a different kind of a situation than any other that's come up that I've seen in any court about what constitutes an adjudication. How could you decide something's frivolous without considering it on the merits? I think that is the mystery that we're here on, and that's the question. Is a frivolousness determination a procedural determination or a substantive one? I think that it is a substantive one in the sense that it curtails the defendant's application to the panel that does have the right to determine the merits. I think as a matter of practicality, what the court knows is that in this kind of a situation, that sort of a determination is made in a much different fashion than a determination on the merits is made by a court of appeals panel. Both regard to who does it, how it's prepared, how it's argued, presented. And the Washington court rules say if you're going to decide the merits, it's going to go to a panel. It's only if it's frivolous that it is rejected. And even the postcard decisions by the California Supreme Court that are the main source of authority on this do not purport to be anything other than a pure decision on the merits of the case. Not a decision that you can't get through the door because your pleading is not facially sufficient or does not meet this very low standard of frivolousness that's required to get into the door of a courtroom to have the merits of your case determined. Are we dealing with a state court or a state law issue here? I think we're dealing with a federal law that says that adjudication of the merits is necessarily going to require an analysis of the state procedure and the state rulings that it has. If it's the more conventional situation where there's a procedural default ruling by the state, that depends on state law as well. So the federal law is an overlay of the state law with regard to what the state law has done. And according to its rules, the state court here did not decide the merits. It decided that the judge decided it was frivolous so that the merits would not be reached. You're arguing that this federal court under the habeas rubric can decide that issue? I think that the federal court necessarily has to decide what is an adjudication of the merits. And I think that because of the different state systems that we have that adjudicate these things in very different ways, it's going to have to look at the state law and determine what they amount to in terms of the federal law. Well, we don't look to issues of state law normally in federal habeas review. But always with regard to making this determination, again, in the more conventional situation where it's a question of was it a procedural default or was it a merits ruling? Even in the postcard cases in California, they look to the state law about what the state law means. Nowadays, I think the California Supreme Court adds a bunch of citations that the court then looks to and decides whether those constitute an adjudication of the merits or a determination of procedural default under federal law. So that is a broad issue. I don't think the court needs to reach that, though, because what happened here, we have only this issue of prejudice that was even purported to be decided by the state judge's order. And that determination is really impossible to, I think, square with the record and the presentation that was made and should have been found to be unreasonable under 2254D and not a subject to deference, whether it was an adjudication or not. And that's, I think, because for one thing, the state court judge's order specifically used the wrong language, talked about the likelihood of prejudice from the nondisclosure of this information regarding the impeachment of the state's forensic experts. The state judge said that the testimony of these eyewitnesses, these two people who completely contradicted each other in terms of how many shots were fired, where they were fired, whether the victim charged it, Ms. Netherton, whether there was a collision, all those things were contradictory to eyewitnesses, and we know about eyewitness testimony and its reliability. The court addressed that just in other cases where courts have found similarly that there was no prejudice because of supposedly overwhelming evidence from eyewitnesses. Here we had the state obviously not thinking its evidence was overwhelming from the eyewitnesses and calling these crime scene experts and analysis in order to bolster them. And that's why it was there. And this testimony that took both of these state experts' credibility completely in a different light than it was presented to the jury I think was clearly the sort of thing that could reasonably probably result in a different outcome. But we never really had a hearing on that or any development on what evidence was withheld and how effective it would have been in impeaching these people because of the manner in which this case was cut off. But you had the two prosecutors in the case both said that they had no information of any Brady sort of material with respect to either of those people, correct? I think they actually said, well, I'd only heard of one thing about Mr. Gullah, hadn't heard about Mr. Thompson. Our evidence says everybody knew about Mr. Thompson. Mr. Thompson was quite notorious quite early. And, of course, the question is what not just what the prosecutor knew but what the King County Police knew and what the Washington State Crime Lab knew because the police and the prosecutor or the sheriffs have a Brady obligation as well. There's no evidence about that. And the state judge never addressed that. The state judge never said that they didn't know. The state judge said overwhelming evidence, no prejudice. Same thing with regard to ineffectiveness. State judge never said this lawyer was effective. State judge just said overwhelming evidence. That is not a reasonable determination of the application of clearly established federal or U.S. Supreme Court law to these facts. And that, I think, was overlooked by the courts below. Those are the two main issues we have here. We also have two uncertified issues, which I think on their own stand up to this court's authority on this area quite well. One just last Friday where the court held that the nondisclosure of impeaching evidence with regard to a crime scene sniffing dog was prejudicial despite seven eyewitnesses who identified the defendant. Here we have complete impeachment that resulted in the firing of Evan Thompson, his testimony never rebutted by any expert. And we have two eyewitnesses who contradict each other, who contradict the physical evidence with regard to how many shots were fired. And a substantial claim of self-defense that the jury credited in a day and a half of deliberations, questions to the judge about can you use force to stop a kidnapping. We have a defendant who was on the phone talking to the police right while this was happening, trying to enforce a court order. We have many reasons to believe that this jury could have reached a different result, and yet this evidence was not presented to it. I'd like to save some time for rebuttal. Thank you. Okay, thank you. Let me hear from the State. May it please the Court, John Sampson, Assistant Attorney General for the Respondent. This case comes before this Court under AEDPA and the deferential standards of review because the State Court did adjudicate the merits of the claim. Contrary to counsel's arguments, the Washington rules allow the Chief Judge to dismiss a petition on the merits if it is frivolous. And in fact, the vast majority of personal restraint petitions, which is the form of post-conviction collateral challenge in Washington courts, the majority of those petitions are dismissed by the Chief Judge. The State Court actually held that the Chief Judge dismissal was proper, and this is in Supplemental Excerpts of Record 1 to 2. The Court said this is a proper ruling on the petition. That is a determination of State law binding on this Court. Also under Federal law, both under U.S. Supreme Court precedent and this Court's precedent, it doesn't matter the form of the adjudication. What matters is was there an adjudication. And in Harrington, the Court talked about how the statute refers to a decision which resulted from an adjudication. And this Court in Lambert v. Blodgett said the issue is whether the Court reached the merits without dismissing on a procedural basis. Like in our state, there is a time bar statute and a successive petition statute. Those would be a procedural reason to dismiss. Counsel, if I understand Mr. Ford's argument, he says that we have the authority to examine whether that decision by the Chief Judge was proper under State law. What's your response to that? I disagree, Your Honor. The U.S. Supreme Court has said in Bradshaw v. Ritchie, a State court determination of State law, even in that case, is binding on the Federal courts. And so the State court's determination that the Chief Judge acted properly is binding on this Court. It's still a little troubling to have the decision made on the merits by a single judge. There's no precedent for that. We'd have to make law in this case, right? No, I disagree, Your Honor. This Court has affirmed the denial of the writ in a number of Washington cases. And in a number of those cases, it may not necessarily be discussed in the Ninth Circuit's opinion. Well, if it's not discussed, then it may not have been briefed or argued or even known to the panel. So you really can't attribute unspoken words to the opinion, you know. There's no precedent, I found, where we address the question of whether a decision made by less than a full panel can be a decision on the merits. I mean, it may seem like an obvious decision to you, but the fact is we'd have to make law here, right?  So what is the precedent that we point to when we say, as we have previously held, a decision by a single judge dismissing a case on the merits and preventing it from being heard by an appellate panel is a decision on the merits? Well, Lambert v. Blodgett. Lambert v. Blodgett, Your Honor. It says that? What it says is it does not matter the form, the particular form of the hearing. What matters is, did the Court— Was that a hearing by the full Court or was it by a single judge? That case was so long ago, I cannot remember if it was a single judge or the full Court. It's within living memory, you know. Well, Your Honor, I also point this Court— Many of us were out of law school by then. Yes, Your Honor, I think we all were. I would also point this Court to you— I've got Lambert here. What is it in Lambert that you think helps you? Well, Your Honor— That actually nails this issue so that we don't have to—we could do an unpublished disposition on this point and wouldn't feel guilty about it. Well, Your Honor— I've got Lambert here. Just tell me where. The pages—I don't have the actual case in front of me, but the page number is page 966. You came to court without the case? I'm sorry, Your Honor? You came to court without the case. I usually don't bring all the cases I cite in a brief because I travel from Olympia and I don't have the time. I could start doing that. But I could also point this Court, even if— I'm sorry. You said what page? At 966, Your Honor. I'm looking at 966. Where? And what am I looking for in 966? In that, the Court said an adjudication is not restricted to a particular form of hearing, and then there's also a statement that the issue is whether the State Court reached the merits of the claims without dismissing it on procedural grounds. How does it talk about a single judge? I don't recall if, in Lambert, if it was a single judge or not, but I can— Let me narrow my questions. What case can you recall that stands for that proposition? Well, Your Honor, the U.S. Supreme Court in the case Utec v. Brown— I'm sorry? In the case of Utec v. Brown, the United States Supreme Court— Utec v. Brown. Yes, Your Honor. Okay. The U.S. Supreme Court said that even if the Washington State Supreme Court did not reach the issue, did not make a determination of whether the judge's removal of a juror was proper, they then looked at what the trial judge did, and they determined that because the trial judge determined that the juror was biased. There's lots of cases that say that when the State Court acting does not give a reasoned decision, you look to the last reasoned decision of the— But that is after action by the full appellate court. When the full appellate court decision is summary, or just as affirmed, we always look through to the last reasoned decision of the State Court. So you can have a postcard denial from the California Supreme Court. You have a summary denial from the California Court of Appeal, and then you have a superior court decision, for example, that's reasoned. You punch through to the last reasoned decision. That's not news, but it's also not relevant because along the way, all the courts involved made decisions by a full complement of panel of judges assigned to decide the case of the merits. I'm wondering where there is a case where there is a dismissal by a single judge that does not allow it to go to the full court. Maybe, you know, if there is such a case, I'd like to know it because it would save us some writing. If there isn't, you should be forthright and tell us there isn't, and then argue why we should come out your way anyway. Well, Your Honor, I do not have that particular case cited in my notes here, but I'd be more than happy to find a case and provide in a supplemental citation of authority. And I would also point out that if the court is concerned of whether… So if we, like, give you 24 hours to do that and we don't get anything from you, will that mean there isn't 48 hours? How long do you need to find that case? I will do it today as soon as I get back to Olympia, Your Honor. But what might also satisfy the court? Right now, you're not aware of a case, right? All I can tell you, Your Honor, standing here, is that a vast majority of our cases, the chief judge denies the petition. So this is an important issue. Well, Your Honor, there's also the point that the state supreme court denied review. And so a majority of this… It wasn't by a single justice. It was done by the full court. It didn't say much, but presumably all of the… I forget how it works in Washington. As I recall, the supreme court also sits in panels? Yes, Your Honor. They sit in a department. Not just in bank, right? Correct. They sit in a department. They call them departments. But less than the full court. Yes, Your Honor. But when an order is issued, even a summary order, the requisite number of judges participating, three judges or whatever the department… It would be five judges, and five judges sat on this case. After the chief judge denied her petition, Ms. Netherton sought review by the Washington supreme court. That court denied review on all the other claims except for one claim, which is not before this court. That court denied review. So you did have, if you're looking for a decision by a full court, that constitutes a majority of the court. That merely approves what the court of appeals did. And if it turns out that the single judge decision turns out to be procedural, then all the Washington supreme court could have done is affirm that. It couldn't enlarge on… No, Your Honor. They denied review on the merits of the claim. Because if Ms. Netherton did not present the merits of her claim to the state supreme court, she would not have exhausted those claims. She did present those to the state supreme court. State supreme court summarily denied review on those claims, so it denied a postcard denial on those claims. So if you're looking at that decision, ad plaus. It said denied. It said it granted review only on the one claim, and it denied review without any comment on the other claims. Were any of these claims raised at the district court? The one claim that the state supreme court… I mean the trial court. At the trial court? No, Your Honor. I don't believe any of these particular claims were raised at the trial court. The state trial court? At the state trial court, yes, Your Honor. I don't believe that… Was she required to raise them in the state trial court? I'm sorry, Your Honor. Was she required to raise them in the state trial court? No. No, Your Honor. The Brady claims and the ineffective assistance counsel claim that are before this court now were not raised in the trial court, and they're not required to be raised in the trial court in Washington. They can be raised in the appellate court, the Washington Court of Appeals. But they were disposed of with a single appellate judge's order. Yes, Your Honor, and that is how the vast majority of cases are decided. That's an issue of state law, which the state court said was properly done in this case. And it was an adjudication on the merits, and I will find a case where this court has at least said, excuse me, this court has at least said that a chief judge denied the claim and then applied the ad deference. A public opinion? I will look for that, Your Honor. I don't know if there is one that says specifically the chief judge's denial of a claim on the merits is an adjudication, but I think that if you apply Harrington v. Richter, Cullen v. Penholster, you have to come to that conclusion, even if there is no Ninth Circuit precedent on that. Because the Supreme Court has said that if the state court rules on the merits of the claim, even if it's a silent denial or even if they reach just the prejudice issue, that's an adjudication. And that's what the chief judge did here, is denied the claims on the merits. What if it had been screened by a magistrate or a clerk's office staff? There is in Washington the Supreme Court commissioner who is not an elected judge, but she is appointed by the court. She screens on collateral review. She sometimes screens the case and will rule on it. And this court has relied on that decision numerous times in applying the EDPA deference. In this particular case, because the state Supreme Court granted review on one issue, the whole department ended up looking at that. So that's a majority of the court, and that constitutes a full. There is no way to seek further review from that, from the five justices ruling on the decision whether to grant or deny. If they deny, that's the end of it. You can't then seek a further en banc review. Do you want to say anything about the uncertified issues? Your Honor, I'm only really prepared at this point to even talk about the ineffective claim regarding failure to retain an expert. And what I would say on that uncertified claim is they have not presented evidence to show that the state court's decision was an unreasonable application of Supreme Court precedent. Their expert, Mr. Sweeney, he never really said Mr. Thompson's opinions were wrong. What he challenged was the adequacy of his work. He didn't say the conclusions here were wrong because Mr. Sweeney never actually tested the evidence. So he cannot say whether they were right or wrong. So he has not come forward with the sufficient evidence to show that the state court's decision on prejudice was unreasonable. And I would also disagree on both the certified and uncertified claims. On the ineffective assistance of counsel claim, the state court did reach both prongs in the state's position. The court reached both the deficient representation and the prejudice. But this court need not resolve that issue because Ms. Netherton does not show that the state court's resolution on the prejudice issue was unreasonable. So unless the court has further questions, I'd ask that the court affirm. Okay, thank you. Thank you. Mr. Ford. I really don't find any place in that order that there's any reference to the merits of the ineffectiveness or the nondisclosure. It's all about prejudice. I think that's the only fair reading, and I can't resist talking about Mr. Sweeney because he did actually challenge Mr. Thompson on some things. But more importantly, we were denied access to the evidence. We asked for access to the evidence in both courts so Mr. Sweeney could look at it. And then the ruling was we lose because Mr. Sweeney hasn't looked at the evidence. That is fundamentally unfair. That is not an adjudication. Now, I want to talk about the Supreme Court's review because that, I think, really answers Judge Scanlon's question. Washington Supreme Court, I think it's wrapped 13.4, takes cases depending on whether they have statewide importance or whether there's a dispute between the lower courts. It's not a merits decision. That's a matter of state law that says what their jurisdiction is and why they grant review or not. That state law then has to be looked at by federal courts to say, was that an adjudication of the merits? Of course it's not. The Supreme Court said that many times, that if the highest appellate court says discretionarily, we don't want to hear this case because it's not important enough, that's not a decision on the merits. That illustrates how state law and federal law must interact in determining this. And if you look at 2254D, the language that Congress said, they could have just said if the state court was unreasonable, you can reverse. But they didn't. They said it was adjudicated on the merits in state court proceedings unless the adjudication resulted in a decision that was contrary. All that language is superfluous unless there's some responsibility for the federal court to say, was this an adjudication? Was this a proceeding? Was it a decision? It's not even labeled a decision. It's an order. Now, the Washington State Court of Appeals has commissioners.  of whether you get into the court. And we don't just have a technical issue here. The order says that the defendant hadn't made any allegations regarding how he was prejudiced by the ineffectiveness. There's 13 paragraphs of allegations. We cite them in the excerpt of record. They're all over the place. We made 13 paragraphs. We supported it by 500 pages. We had radiological imaging. We had photographs. We had witness statements. We had an expert report. We had the current Brady List that discloses the credibility problems of these two witnesses from this prosecutor's office. And we got nowhere. We got no discovery. We got no argument. We got no hearing. It's not consistent with what the Supreme Court's done. It's not consistent with an adjudication on the merits. And that's what Washington State Court rules say it's not. If we'd gotten in front of three judges, they never would have said, we've made no allegations, when we made 13 paragraphs of allegations and 500 pages of documents. The judge simply didn't know what was there. And that's why the decision's unreasonable, even if it is an adjudication, because it's an unreasonable determination of facts from the record, which is another portion of 2254D. Mr. Ford, was Mr. Sampson right that if we attack the manner in which the Washington State courts dealt with this, we'll be upending practice in the state of Washington, creating a brand new mode of proceeding for the Court of Appeals, which did determine that this was a decision on the merits, right, in a subsequent order? I think they determined that it was appropriate for him to make the decision he did. I don't think they can decide whether it's a determination of the merits for federal law purposes. I would defer to Mr. Sampson. Certainly he knows much more than I do about the typical practice. I wouldn't be surprised if this is typical. And I've got to say, EDPA was put there to have the state courts be the main event, to have the state courts have the first chance to deal with these constitutional issues. And I think Congress meant for the state courts to do something, and not just to shove these things out the door and push them onto federal court and hope that the federal court will defer. So I would suggest that if it does change state practice, that that's for the better. That's what Congress meant to have happen, that state courts are actually supposed to do something with these cases and not just send people off to federal court to deal with these technical issues rather than the merits of serious constitutional claims like this. Thank you. Okay, thank you. Deja Sa, you will stand submitted.
judges: Kozinski, O'scannlain, Orrick